Daniel, J.
 

 James Swain bequeathed to his son James Swain, the following negroes, to-wit, Mark, Amy and Ben, for his own use during his life; and, at his death, “if he should die leaving
 
 heirs lawfully begotten of his body,
 
 that the said negroes shall be equally divided between them, but if he should not leave heirs as above named, that the said negroes should be divided among my surviving children.” James Swain, the legatee, took possession by the assent of the executor, and died in the year 1841, .and the plaintiffs are his children, and have brought this action to recover
 
 *202
 
 Amy and her child bom during the lifetime of the tenant life- The general rule certainly is, that wherever words in a will would create an estate tail in land devised, the same W01'ds in a bequest of chattels will carry the absolute estate; But it is equally certain that an exception to that rule has always been made, when to words of limitation, ^beirs of the body,) improperly applied to personal bequests, further words of limitation have been superadded, as “executors, administrators and assigns,” or the words “equally to be divided,” and the like. .It has always been inferred from the words, so grafted upon the limitation, “to the heirs of the body” of the legatee, that the testator could not intend the heirs to inherit
 
 qua
 
 heirs
 
 ad
 
 infinitum, but that they should take distributively as purchasers, so as to give the legatee an interest lor life only, with remainder to his children or heirs as tenants in common. In
 
 Jacobs
 
 v
 
 Amyatt,
 
 4 Bro. Ch. Ca. 542, the bequest was to Lucy Cook for lité, and, after her decease, to the
 
 heirs oj her body
 
 lawfully begotten,
 
 equally to be divided
 
 between them, share and share alike ; the words “heirs, &c.” were held to be words of purchase and not words of limitation. To the same effect, see also 13 Ves. 479. 1 Mad. 376. 2 Rop. on Leg. 354, 355. In the case now before us, by force of the superadded words, “equally to be divided;” it is obvious that the testator intended, that, after the death of his son, the legatees should take distributive^ and as purchasers, and- not in succession as heirs, but together as children.
 
 Target
 
 v Gaunt, 1 P. Wms. 432. 1 Rop. on Leg. 86. The decision that was made in the.case of
 
 Jesson v Wright,
 
 (2 Bligh 1,) extended the rule in Shelley’s caseto a devise of lands, couched.in words like those contained* in this case. The devise there was, to
 
 William
 
 for life, and, after his decease,
 
 to the heirs of his body, in such shares,
 
 &c. as ho shall appoint; and for want of such appointment to the
 
 heirs of the body of William,
 
 share and share alike as tenants in common.
 
 Held,
 
 that, William took amestate tail. Mr. Roper has noticed this case at the foot of his pag$, (2 Roper, 354,) to shew that it had not escaped his observation, and that it did not affect the
 
 *203
 
 previous decisions relative to legacies of personal property, when to words of limitation, such as “heirs,” or
 
 “
 
 heirs the body,” were superadded expressions or sentences, such as have been before mentioned. And that in
 
 such
 
 bequests of personalty, the rule in Shelly’s case would not be applicable. The superadded words “equally to be divided,” distinguish the case now before the court from that of
 
 Ham
 
 v
 
 Ham,
 
 1 Dev. & Bat. Eq. 598.
 

 We accordingly regret, that in a case that, was before the court at the last Term,
 
 Bradley
 
 v Jones,
 
 2
 
 Ired. Eq. Rep. 245, the effect of these words, “ equally to be divided among the heirs oí her body,” after a previous limitation to the mother expressly for life, was overlooked. The case was not argued for the children, and so the point was not brought to our notice, and was inadvertently passed over by ourselves. The best atonement that can be made for the error is, to seek the first opportunity to acknowledge it; and we deem it fortunate that one has occurred so soon, that it can be done before much mischief can have arisen from it. We now.do so, by affirming this judgment on the strength of those words.
 

 The case might also be considered upon the other words, “if he should
 
 die leaving
 
 heirs lawfully begotten of his body,” then to them, but “ if he should not leave heirs as above,” then over to the testator’s surviving children, as creating a contingent limitation with a double aspect; which, in relation to personal property, might confine the interest to James for life, and then vest it in his issue, as a class of persons, existing at James’ death, taking as purchasers, or to his brothers and sisters, as the event might happen, as to his leaving or not leaving issue living at the time of his death. But as the point, on which the case has already been considered, is a clear one, we do not think it necessary to say any thing upon this last, but leave it untouched.
 

 Per Curiam. Judgment affirmed.